IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYKESHIA D. HASHAWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-1296-BP |
| | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Reverse and Remand filed December 10, 2025. ECF No. 19. Defendant seeks a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). After reviewing the Motion, Plaintiff's Notice of Non-Opposition (ECF No. 21), and the relevant legal authorities, the Court **GRANTS** the Motion, **REVERSES** this case, and **REMANDS** it to the Commissioner for further administrative action.

In *Melkonyan v. Sullivan*, 501 U.S. 89, 97-102 (1991), the Supreme Court made clear that there are only two types of remand orders permitted under 42 U.S.C. § 405(g). The first method arises under "[t]he fourth sentence of § 405(g) [that] authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'" *Id.* at 98 (citing 42 U.S.C. § 405(g)). A sentence four remand "requires the district court to enter a decision on the merits before remanding a case to the Commissioner." *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2042-N, 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010), *rec. adopted*, 2010 WL 2944782 (N.D. Tex. July 22, 2010) (citing *Melkonyan*, 501 U.S. at 98).

The second method arises under the sixth sentence of § 405(g) and "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Shaefer*, 509 U.S. 292, 297 n.2 (1993) (citing § 405(g); *Melkonyan*, 501 U.S. at 99–100). Under sentence six, "[t]he district court does not . . . rule in any way as to the correctness of the administrative determination. Rather, the court remands" the case for reconsideration if the "new evidence might have changed the outcome of the prior proceeding." *Melkonyan*, 501 U.S. at 98; *see also McKenzie v. Astrue*, 442 F. App'x 161, 162 (5th Cir. 2011). The "[i]mmediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Chelette v. United States Comm'r of Soc. Sec.*, No. 1:11-CV-1860, 2012 WL 2870842, at *2 (W.D. La. June 12, 2012), *rec. adopted*, 2012 WL 2873635 (W.D. La. July 12, 2012) (citing *Shaefer*, 509 U.S. at 296–97 and *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000)).

Here, the Commissioner seeks to remand the case to conduct further administrative proceedings. ECF No. 19 at 1. Specifically:

> Upon remand, SSA's Appeals Council will direct the Administrative Law Judge to obtain supplemental vocational expert evidence to evaluate whether the claimant is capable of performing other work exists in the national economy in significant numbers that is compatible with the claimant's residual functional capacity. The Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision.

*Id.* The Supreme Court has explained that a Sentence Four remand is appropriate when "the evidence on the record was insufficient to support the Secretary's conclusion and that further

factfinding regarding respondent's ailment was necessary." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

The quoted language above indicates that the record is insufficient in the way contemplated by the Supreme Court in *Sullivan*, making remand under Sentence Four appropriate. Sentence Six is not applicable here because it is not clear to the Court that any missing aspects of the administrative record would involve "evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of the proceeding." *Id*. Plaintiff does not oppose Defendant's request for remand. ECF No. 21.

Having carefully considered Defendant's Motion (ECF No. 19), Plaintiff's Notice of Non-Opposition (ECF No. 21), and the applicable legal authorities, the Court **GRANTS** the Motion, **REVERSES** this case, and **REMANDS** it to the Commissioner for further administrative action.

It is so **ORDERED** on January 2, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE